**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

vs.

**DANIEL BELLAMY**                    CASE NO.8:02-CR-240-T-24MAP

       **Defendant**
_____/

**ORDER**

    The United States Sentencing Commission has promulgated Amendment 706 lowering the base offense level for cocaine base (crack cocaine) offenses by two levels for eligible defendants sentenced on or after November 1, 2007. The Commission later decided this Amendment should be applied retroactively to defendants sentenced before November 1, 2007. Defendant **Daniel Bellamy** was sentenced prior to November 1, 2007 for the crimes of conspiracy to possess with intent to distribute 5 grams or more of Cocaine Base in violation of 21 U.S.C. §§841(b)(1)(c) & 846 and possession with intent to distribute 50 grams or more of Cocaine Base in violation of 21 U.S.C. §§841(a)(1) & 841(b)(1)(A)(iii). Defendant Bellamy was sentenced on February 11, 2003 to 262 months imprisonment. He was sentenced as a career offender.

    On April 11, 2008, Defendant filed a Motion Pursuant to §3582(c)(2) Concerning

Retroactive Amendments 706-711 to Modify and Reduce Sentence (Crack Cocaine), (Doc. 79). The Court entered an order appointing the office of the Federal Public Defender to represent Defendant Bellamy for the purpose of seeking a reduction of Defendant's original sentence.  The Court also ordered the United States Probation Office to provide the Court, as well as Defendant's counsel, a supplemental response to the presentence report which addressed whether Daniel Bellamy was eligible for a reduction in his sentence. The Probation Office filed the supplemental response to the presentence report stating that Defendant Bellamy was ineligible for a sentence reduction because he was sentenced as a career offender and not by using a particular drug quantity guideline, and therefore, a reduction in the defendant's term of imprisonment was not authorized under 18 U.S.C. §3582(c) and not consistent with §1B1.10 U.S.S.G.  The United States Attorney filed a response stating that Amendment 706 does not apply to Defendant Bellamy's sentence because he was sentenced as a career offender and not based on a sentencing guideline range that was subsequently lowered by the Sentencing Commission (Doc 83).  The Federal Public Defender filed a response in support of Bellamy's motion for a reduction in which they request the Court grant Defendant Bellamy the benefit of Amendments 706 and 711 and argue that career offenders may be eligible for a reduction in their sentence. (Doc. 86).

     Having considered all of the above, the Court finds that Amendment 706 does not affect the Defendant's sentence, and he is not entitled to a sentence reduction. Defendant Bellamy was sentenced as a career offender, and under the guidelines his total offense level became a 34, criminal history category VI, with a guideline range of 262-327

months. Defendant Bellamy was sentenced to 262 months imprisonment on February 11, 2003. (Doc.54). Eligibility for consideration under 18 U.S.C. §3582(c) is triggered only by an amendment listed in U.S.S.G §1B1.10(c) that lowers the guideline range. Because Defendant was sentenced as a career offender under U.S.S.G. 4B1.1, the career offender provision, Amendment 706 does not have the effect of lowering the Defendant's applicable guideline range. In fact, had the Defendant been sentenced after the effective date of the amendment to the crack cocaine guideline, the amendment would have had no effect on his sentence and this Court would have imposed the same sentence. Because the Defendant's offense level was controlled by U.S.S.G. Section 4B1.1 and not by the underlying offense level, a reduction does not apply and will be **DENIED**. see United States v. Hankerson, 224 Fed.Appx. 900 (11th Cir. 2007), United States v. Thomas, 524 F.3d 889 (8th Cir. 2008).

It is so ORDERED this 3rd day of July, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copy: Daniel Bellamy
　　　Tracy Dreispul, A.FP.D
　　　Amanda Riedel, A.U.S.A.